UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TODD A. DILLON,

    Plaintiff,

    v.                                CAUSE NO.: 3:19-CV-051-JD-MGG

SHARON HAWK, et al.,

    Defendants.

OPINION AND ORDER

Todd A. Dillon, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Dillon alleges that he entered into a contract to attend classes and to work for Pen Products in exchange for six months of credit for his sentence. Dillon worked long hours in an attempt to fulfill the contract, but the program was discontinued before he could complete it. As a result, he did not receive the time credit, and he was not allowed to transfer to another program. However, black inmates, including those who had been found guilty of disciplinary offenses, were allowed to

transfer to another program. By contrast, Dillon identifies as white and was not issued any disciplinary reports. Dillon seeks credit time, a certificate of completion, and damages for excessive classes and work.

To start, Dillon names Pen Products and the Department of Labor[1] as defendants. However, these defendants are State agencies,[2] and the Eleventh Amendment bars citizens from suing State agencies. *See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir. 1987). He also names Sharon Hawk, Bradley Williams, and William Hyatt, alleging that they were generally responsible for the work program. "It is well established that there is no respondeat superior liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Because Dillon does not explain how Hawk, Williams, or Hyatt were personally involved with his claims, he cannot proceed on a claim of money damages against them. Nevertheless, Dillon may proceed on injunctive relief claims against Hyatt in his official capacity as Warden of the Miami Correctional Facility. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

Dillon asserts a claim against the defendants for violating the Equal Protection Clause, stating that black inmates were allowed to transfer to other programs, but he

---

[1] Given the context of the complaint, the court construes the Department of Labor as referring to the Indiana Department of Labor.

[2] PEN Products, now known as Indiana Correctional Industries, is a division of the Indiana Department of Correction. *See* https://www.in.gov/idoc/indianacorrectionalindustries/2566.htm (last visited Feb. 25, 2019).

was not. "Unless it is narrowly tailored to serve a compelling state interest, racial discrimination by state actors violates the Equal Protection Clause of the Fourteenth Amendment." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). "A plaintiff asserting an equal protection violation must establish that a state actor has treated him differently than persons of a different race and that the state actor did so purposefully." *Id.* Because the complaint suggests that Dillon was treated differently than other inmates on the basis of race, Dillon states a plausible claim for injunctive relief under the Equal Protection Clause.

Notably, "[t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Therefore, injunctive relief, if granted, will be limited to ordering Warden Hyatt to remedy Dillon's losses to the extent required by the Equal Protection Clause.

Dillon also asserts an Eighth Amendment claim against the defendants for the excessive classes and excessive work hours required by the contract. The Eighth Amendment "imposes a duty upon prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates." *Bagola v. Kindt*, 131 F.3d 632, 646 (7th Cir. 1997). It also forbids the unnecessary infliction of physical or psychological pain. *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). While it

3

is possible the excessive requirements of the contract rose to the level of a constitutional violation, Dillon does not explain how many hours he was required to work and attend class, the type of work he performed, or any other detail to suggest that he was subjected to inhumane, unsafe, or humiliating conditions. As a result, the allegations in the complaint are too vague to state a claim under the Eighth Amendment.

For these reasons, the court:

(1) GRANTS Todd A. Dillon leave to proceed on a claim for injunctive relief against Warden William Hyatt in his official capacity to remedy the employment contract-related losses to the extent required by the Equal Protection Clause;

(2) DISMISSES Sharon Hawk, Bradley Williams, Pen Products, and the Department of Labor;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden William Hyatt at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden William Hyatt to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Todd A. Dillon has been granted leave to proceed in this screening order.

SO ORDERED on March 8, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT